IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:24-CR-00105-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **MOTION FOR PRELIMINARY** |
| v. | : | **ORDER OF FORFEITURE** |
| | : | |
| ZERION MARCOS FRANKLIN | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1. On March 21, 2024, the defendant was charged in a Criminal Indictment with offenses in violation of 18 U.S.C. §§ 1708 and 1709. The Indictment provided notice to the defendant that pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 18 U.S.C. § 3665, the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the below-listed property. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

1

2. On September 19, 2024, the defendant entered a plea of guilty without the benefit of a written plea agreement as to Counts One and Two of the Criminal Indictment, specifically 18 U.S.C. §§ 1708 and 1709.

3. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of

2

specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A).

4.      Pursuant to 18 U.S.C. § 924(d)(1), a defendant who is convicted of any violation of the Gun Control Act, the National Firearms Act, or any other violation of federal criminal law that involved or was perpetrated in whole or in part by the use of firearms or ammunition, shall forfeit any firearm or ammunition involved in or used in a knowing or willful commission of the offense.[1] This civil forfeiture authority is made applicable to criminal proceedings by virtue of 28 U.S.C. § 2461(c).  In addition, the Court has authority pursuant to 18 U.S.C. § 3665 to order the forfeiture of any firearms and ammunition that were found in the possession or under the immediate control of the defendant at the time of arrest.

Pursuant to the defendant's guilty plea, and the entire record of the case, *see* Presentence Investigation Report ¶¶ 7, 11 [D.E. 35], the Government requests that the Court enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the defendant (or any combination of defendants in this case) has or had a forfeitable interest:

---

[1] Section 924(d)(1)'s forfeiture authority is to be construed broadly.  *Smith v. United States*, 508 U.S. 223, 234-35 (1993).  Most fundamentally, firearms and ammunition are "used" or "involved in" an offense whenever their use or possession is a necessary element of or serves as the basis for an underlying federal conviction, but they may also be forfeitable if they are employed, possessed, transported, traded, sold or acquired in the course of committing a crime, or are otherwise intended to facilitate a crime.  *See id.*; *United States v. Cheeseman*, 600 F.3d 270, 278-79 (3d Cir. 2010).

3

<u>Personal Property:</u>

a) One Glock 43 9mm handgun, bearing serial number AFTH490, seized on June. 6, 2023, from ZERION MARCOS FRANKLIN, and any and all associated ammunition.

5.     The Government has contacted defense counsel regarding this motion but did not receive a response prior to its filing.

WHEREFORE, the Government respectfully requests the Court to enter the attached proposed Preliminary Order and Judgment of Forfeiture.

Respectfully submitted this 18th day of December, 2024.

MICHAEL F. EASLEY, JR.
United States Attorney


BY:  /s/ Katherine A. King
     KATHERINE A. KING
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Katie.king@usdoj.gov
N.C. State Bar No. 44525
Attorney for United States of America

4

<u>CERTIFICATE OF SERVICE</u>

I certify that I have on this 18th day of December, 2024, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Geoffrey W. Hosford
Hosford & Hosford, P.C.
Email: ghosford@att.net

MICHAEL F. EASLEY, JR.
United States Attorney


BY:  /s/ Katherine A. King
    KATHERINE A. KING
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: Katie.king@usdoj.gov
N.C. State Bar No. 44525
Attorney for United States of America

5